# Philadelphia, to the use of Holgate, *versus* Meager.

1. The city filed a municipal claim against a lot, and afterwards filed another under which the lot was sold for a sum less than would pay the first lien. *Held*, that under the Act of March 11th 1846, the first lien was not divested further than the proceeds of sale were applicable to it.

2. The fact that both liens were in favor of the city did not vary the case.

January 3d 1871. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia*: Of July Term 1870, No. 23.

This was a scire facias, issued August 16th 1869, by the city of Philadelphia to the use of James Holgate against Charles Meager on a municipal claim.

A case stated was filed September 20th, which showed the following facts:—

On the 16th of February 1869, the City, to the use of Holgate, filed a claim amounting to $145.06, for paving, &c., against a lot of ground in the 19th ward of the city. On the 12th of March 1869, the City, to the use of Samuel Miller, filed a similar claim for $144.37 against the same lot. On the last claim a judgment was recovered, and on a levari facias issued upon the judg-

[Philadelphia *v.* Meager.]

ment to June term 1869, the lot was sold for $70 to J. Frank Knight.

By the case it was agreed that, " If the court shall be of opinion that said judicial sale discharged the claim filed to the use of James Holgate, so far as the same affects the title or estate of the judicial vendee, then judgment for the defendant. If otherwise, then judgment for the plaintiff, the damages to be assessed by the prothonotary."

The court below (Pierce, J.) entered judgment for the defendant, which was assigned for error by the plaintiff, who removed the case to the Supreme Court.

*M. Arnold, Jr.,* and *D. W. Sellers,* for plaintiff in error, cited Acts of April 6th 1830, § 1, Pamph. L. 293, Purd. 325, pl. 97 ; March 11th 1846, § 6, Pamph. L. 115, Purd. 752, pl. 32 ; Willard *v.* Norris, 2 Rawle 56 ; Moyamensing *v.* Shubert, 1 Phila. R. 256 ; Brinton *v.* Perry, Id. 436.

*J. M. Pile,* for defendant in error.

(During the argument THOMPSON, C. J., referred to Smith *v.* Simpson, 10 P. F. Smith 168.)

The opinion of the court was delivered, February 9th 1871, by
WILLIAMS, J.—The city of Philadelphia filed two claims against the defendant's property for the use of different contractors—the first for paving the cartway of the street, and the second for constructing a sewer in front of the property. Upon the claim last filed the property was sold by a judicial sale for a sum insufficient to pay either claim. The question presented by the case stated is, whether the lien of the claim first filed was discharged by the sale.

The Act of the 11th of March 1846, § 6, Pamph. L. 115, provides in express terms, that the lien of such claims shall not be divested by any judicial sale as respects so much thereof as the proceeds of such sale may be insufficient to discharge and pay. The language of the Act is too plain to admit of any doubt as to its purpose or meaning. It was clearly intended to prevent the lien of municipal claims from being discharged by judicial sales where the proceeds of sales are insufficient to pay them. It is not denied that this was the general purpose and meaning of the act. Nor is it contended that, under its provisions, a judicial sale made at the suit of any other party than the corporation itself will discharge the lien of municipal claims unless the proceeds of sale are sufficient to pay them. But it is thought that the rule is different where the sale is made at the suit of the corporation, and that in such case a judicial sale

[Philadelphia v. Meager.]

on one of two or more claims, of which the corporation is the legal or equitable owner, will discharge the lien of all. But why should the fact that the sale is made at the suit of the corporation make any difference in this respect? There is nothing in the provisions of the act that gives countenance to any such distinction. Where the corporation proceeds for the claim and sells the property bound by its lien, there may be a good reason for holding, as the Common Pleas and District Court have held, Moyamensing v. Shubert, 1 Phila. R. 256, Brinton v. Perry, Id. 436, that the lien is divested by the sale, whether the proceeds are sufficient to pay the claim or not. Such a sale may be well regarded as not within the meaning of the act, and therefore as excepted from its provisions. It would be an unreasonable construction of the act to hold that the corporation might sell the same property over and over again on the same lien. By permitting it to be struck down and conveyed to the purchaser at the price bidden therefor, the corporation impliedly consents that he shall hold it discharged from the lien on which it was sold; and it would be inequitable, after receiving the purchase-money, to sell it again on the same lien. But there is not the same reason for holding that a sale made by the corporation on one claim discharges the lien of all other municipal claims on the property. Why should a sale on one claim discharge the lien of all other claims, any more than it should the lien of a first mortgage held by the corporation? In the face of the express provisions of the act, no implication can possibly arise, that the corporation, by selling the property on one claim, consents that the sale shall divest the lien of all other claims that it may hold. Such a construction is not warranted by the language of the act, and would defeat its manifest purpose. The lien of the claim in this case, then, was not divested by the sale on the subsequent claim except so far as the proceeds of sale were applicable to its payment. It follows that the plaintiff was entitled to judgment on the case stated, and that the court erred in entering judgment for the defendant.

And now, January 9th 1871, this cause came on to be heard at the present term, and was argued by counsel, and thereupon, on consideration thereof, it is ordered and adjudged that the judgment of the Common Pleas be and the same is hereby reversed, and that judgment be now entered for the plaintiff, the damages to be assessed by the prothonotary of the Common Pleas, in accordance with the agreement of the parties in the case stated.