## DETERMINED IN

# THE SUPREME COURT

### OF THE

# STATE OF CALIFORNIA.

[No. 13207.   Department Two. — June 29, 1891.]

## J. J. BRADY, RESPONDENT, v. F. H. BURKE ET AL., APPELLANTS.

APPEAL BEFORE ENTRY OF JUDGMENT — EFFECT UPON JURISDICTION. — Until judgment is entered, the trial court retains complete jurisdiction of an action of which it cannot be divested by an unauthorized appeal; and where findings and an order for judgment are filed, but the judgment is not entered, an appeal taken therefrom is premature and ineffectual, and the trial court is not thereby divested of jurisdiction to enter judgment at any time; nor does the appellate court acquire any jurisdiction of such appeal, whether its attention is called to the want of jurisdiction or not.

ID. — JUDGMENT ENTERED AFTER VOID AFFIRMANCE. — The rule that the trial court has no jurisdiction to enter a judgment after a previous judgment has been affirmed upon appeal does not apply where the appellate court acquired no jurisdiction of the first appeal.

ID. — EXECUTION SALE. — An execution sale under a judgment entered after the affirmance of a judgment rendered upon a premature and ineffectual appeal is valid, and passes title.

EXECUTION — TITLE OF PURCHASER — RELATION OF TITLE — FORECLOSURE OF STREET-ASSESSMENT LIEN — PRIORITY OF LIENS. — A title to land under a judgment of foreclosure of a street-assessment lien relates back to the date of the original liens foreclosed, and a sheriff's deed based upon a judgment of foreclosure of such a lien conveys a superior title to a sheriff's deed based upon a prior judgment of the same character, where the liens under which the later judgment was rendered are older than the liens to which the deeds under the prior judgment relate.

XC. CAL.—1

JUDGMENT — CONCLUSIVENESS — PARTIES — PRIVITY OF PRIOR LIEN-HOLDER
— QUIETING TITLE — ASSERTING SUBSEQUENT LIEN. — A prior lien-holder
who has not been made a party to an action of foreclosure by subsequent
lien-holders is not in privity with the defendant in such action, within
the meaning of the rule making those in privity with parties to an action
bound by the judgment therein; and after acquiring title of such defend-
ant under his lien, he may show, in an action to quiet title, as against
such subsequent lien-holders, that the liens which were foreclosed by
them, and which resulted in the sheriff's deed under which they claim
title, were invalid, although his foreclosure and sale were subsequent in
time to theirs.

STREET ASSESSMENT — INVALID EXTENSION OF TIME — VOID SHERIFF'S
DEED. — Where street-work for which an assessment is made is not
completed within the time fixed by the contract, and the order of the
board of supervisors, granting an extension, is not made until after the
expiration of the time allowed by the contract for its completion, the con-
tractor does not acquire a valid lien upon the property, and a sheriff's
deed, upon a foreclosure of such lien, vests no title in the purchaser.

ID. — INSUFFICIENT PUBLICATION OF RESOLUTION OF INTENTION. — The fail-
ure of the board of supervisors to publish for the length of time required
by law a resolution of intention to do specified street-work renders an
assessment for such work void, and a sheriff's deed given under a fore-
closure of the lien is invalid, and vests no title in the purchaser.

ID. — STATUTORY LIENS — EXPIRATION BY LAPSE OF TIME — QUIETING
TITLE — SALE TO SATISFY EXPIRED LIENS — MAXIM OF EQUITY. —
Street-assessment liens are purely statutory, and exist only for the term
given by the statute; and the purchaser under foreclosure of a valid
subsequent assessment may insist that claimants whose liens have ex-
pired shall find their right to enforce them only in the statute which
authorized their creation and fixed the limit of their continuance; and
he is not bound, in an action brought by him to quiet title, to require
the property to be sold and the proceeds applied in satisfaction of such
expired liens of defendants as were originally valid in the order of their
priority, and the maxim that he who seeks equity must do equity does
not require such a sale.

ID. — PARTIES — OWNER AT TIME OF JUDGMENT — PURCHASER PENDENTE
LITE — NOTICE — FORECLOSURE OF PRIOR LIEN. — The statute author-
izing the enforcement of street-assessment liens contemplates that the
legal owner at the time of the rendition of the judgment in foreclosure
proceedings shall be a party, unless he is a purchaser *pendente lite* affected
with notice of the action; and one who has acquired title to the land,
under a foreclosure of a prior street-assessment lien, pending a suit for
the foreclosure of later assessment liens, but without notice of such suit,
should be made a party thereto before judgment, and he is not bound
by the judgment if not so made.

ID. — QUIETING TITLE — VALIDITY OF ASSESSMENT LIENS — BURDEN OF
PROOF. — In an action to quiet title to lands, where the plaintiff claims
under a judgment of foreclosure of a street-assessment lien, defendants,
who claim under liens upon which suits are pending, must show the
facts establishing their validity.

ID. — FINDINGS — OMISSION — FAILURE OF EVIDENCE. — Where the findings do not disclose that any of the alleged liens are valid, and no evidence appears to sustain some of the facts essential to their validity, the omission of necessary findings, as to their validity or invalidity, will not justify the reversal of a judgment involving their invalidity.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Wood,* and *J. C. Bates,* for Appellants.

*Sawyer & Burnett,* and *J. G. Maguire,* for Respondent.

DE HAVEN, J. — This is an action under section 738 of the Code of Civil Procedure to determine adverse claims to two lots in the city of San Francisco. All of the parties claim under a common source of title.

The plaintiff, who is the respondent here, claims title to both lots upon sales made under judgments foreclosing certain street assessments, recorded November 14, 1870, and deeds executed by the sheriff on October 3, 1885, in pursuance of such sales.

The defendants claim an interest in the lots in controversy, based upon various street assessments against said lots, made and recorded subsequently to the commencement of the foreclosure suits under which plaintiff claims, and prior to the rendition of final judgment therein. Defendant Diggins claims the legal title to lot 5, by virtue of a sheriff's deed, under a judgment foreclosing one of these assessments, and the defendant Wood the legal title to lot 6, by virtue of two deeds, based upon judgments foreclosing two of said assessments. These deeds were executed during the pendency of the foreclosure proceedings under which plaintiff claims. These defendants also claim to hold the legal title in trust for certain of their co-defendants, to the extent of their interest, under street-assessment liens.

It is argued here by the appellants that the plaintiff acquired no title to lot 6 by the execution sale under which he claims; that the court erred in allowing plaintiff to show that the assessments resulting in the judgments, upon which the deeds of defendants depend, were invalid; and that, in any event, the defendants are entitled to have the lots sold, and the proceeds applied to the satisfaction of the several liens of all the parties, in the order of their priority.

1. The ground upon which appellants attack the deed under which plaintiff claims title to lot 6 is this: Findings and an order for judgment were filed in plaintiff's action against Louisa Page, the owner of this lot, on March 21, 1878, but no judgment was ever entered until January 7, 1882. On March 20, 1878, plaintiff's attorney in said action served upon defendant therein notice of the rendition of judgment, and in November, 1878, said defendant appealed from said judgment to this court, and the judgment was affirmed. There is among the papers in said action a formal decree entitled in that action, dated March 19, 1878, and signed by R. F. Morrison, then judge of the district court in which the action was pending. This formal decree was never entered as the judgment therein, and on January 7, 1882, in the same action, a judgment and decree signed by O. P. Evans, a judge of the superior court of San Francisco, was entered. On appeal to this court, from such judgment, taken by the defendant therein, it was affirmed. Upon the return of the *remittitur*, execution was issued upon this judgment, and it is upon the sale thereunder that plaintiff claims title to lot 6.

The appellants contend that the judgment so entered on January 7, 1882, was void under the rule announced in *Mulford* v. *Estudillo*, 32 Cal. 139.

We do not think that the case cited is in point. It may be conceded that after a final judgment of the trial court has been affirmed on appeal to this court, the court

from which such appeal was taken would be without jurisdiction to retry the case and render another judgment, and that, consequently, such subsequent judgment would be void.  The reason which supports this rule is, that by a valid appeal the case is removed from the jurisdiction of the lower court, and final judgment in the case is rendered in the appellate court.  This, of course, terminates the litigation.  But such a rule has no application here, because this court never acquired jurisdiction of the first appeal.  Under section 939 of the Code of Civil Procedure, which was in force at the date of the first appeal in the case of *Brady* v. *Page*, 59 Cal. 52, no appeal could be taken to this court until after the *entry* of the judgment in the trial court; and it has been uniformly held here that an appeal taken before such entry is premature.  It has also been held that the trial court can, at any time before its judgment is entered, change its conclusions of law, and order a different judgment.  (*Condee* v. *Barton,* 62 Cal. 5.)  Until the judgment is entered, such court retains complete jurisdiction of the case, of which it cannot be divested by any unauthorized appeal to this court.  If the attention of this court had been called to the fact that it had before it an appeal from a judgment which had never been entered, and which was still within the control of the lower court, the appeal would have been dismissed.  But whether this was done or not, the appeal was ineffectual, and this court was in fact without jurisdiction to entertain it.  The appeal was futile, and the case remained in the lower court undisturbed.  (*Home for Inebriates* v. *Kaplan,* 84 Cal. 488.)  It follows that the superior court had jurisdiction to enter the judgment of January 7, 1882, and that the execution sale thereunder, under which plaintiff purchased, was not void.

2.  The judgments under which plaintiff claims were conclusive as against the owners of the lots in controversy, as in each of said actions the owner of the lot upon

which the lien was foreclosed was a party defendant, and therefore the execution sales transferred the legal title of such owners to the plaintiff; and although the sheriff's deeds made to' appellants Wood and Diggins antedated those of plaintiff, and are based upon judgments rendered prior to those un ier which plaintiff claims, yet, as the liens under which plaintiff's title has its origin are older than the liens to which the deeds of appellants relate, plaintiff has the superior legal title. (*Littlefield* v. *Nichols*, 42 Cal. 374.) The most that appellants can claim is, that as they were without actual or constructive notice of the pendency of plaintiff's foreclosure suits, he took such legal title encumbered with all valid liens thereon held by them at the date of his judgment. Assuming that they were without this notice, which is the most favorable view for appellants, the court did not err in allowing the plaintiff to show that the liens foreclosed in the actions, which resulted in the sheriff's deeds to them, were invalid. The plaintiff was not a party to said actions. He was not in privity with the defendants therein, within the meaning of the rule which makes those in privity with parties to an action bound by the judgment therein, because his title relates back to the date of the original liens foreclosed by the judgments under which he claims, which liens were prior in point of time to the origin of defendants' alleged title under their deeds. (*Shay* v. *McNamara*, 54 Cal. 169; *Chester* v. *Bakersfield T. H. Ass'n*, 64 Cal. 42; *Horn* v. *Jones*, 28 Cal. 203; *Campbell* v. *Hall*, 16 N. Y. 575.) In this latter case will be found a very full and satisfactory discussion of the rule which makes those in privity with parties to a judgment also concluded by it. As to two of the deeds relied upon by appellants, it is found that the work for which the assessment underlying said deeds was made was not completed within the time fixed by the contract, and that the order of the board of supervisors, granting an extension, was not

made until after the expiration of the time allowed by the contract for its completion. This being so, it has been repeatedly held that the contractor never acquired any valid lien upon the property. (*Beveridge* v. *Livingstone*, 54 Cal. 54; *Raisch* v. *San Francisco*, 80 Cal. 1; *Fanning* v. *Schammel*, 68 Cal. 428.) As to the other deed to defendant Wood, the court finds that the board of supervisors failed to publish, for the length of time required by law, the resolution of intention to do the street-work which resulted in the subsequent assessment, foreclosure, and deed. This failure to publish rendered the assessment void. (*Richardson* v. *Tobin*, 45 Cal. 32.)

Upon the facts found by the court, the alleged liens, upon which appellants' deeds depend for their validity, were void, and they acquired no interest in said lots, as against plaintiff, by said deeds.

3. The point, however, most earnestly insisted on by appellants is, that the court should at least have directed the lots to be sold, and the proceeds applied in satisfaction of all liens which were originally valid, in the order of their priority. The argument seems to be that as plaintiff is asking for relief from a court of equity, the court may require him to do equity. All of the liens asserted here are creations of the statute, and most of them have long expired by lapse of the time given for their enforcement by the statute in which they have their origin. As to some, no steps whatever have been taken to enforce them, while others were foreclosed more than six months before the commencement of this action, and no execution issued on the judgments of foreclosure; and by the express language of the statute, the lien obtained by recording the assessment expires at the end of six months after the final determination of the action foreclosing it. Upon this state of facts, to say that in equity the liens still exist, and to refuse plaintiff a judgment to the effect that they do not exist, would be

for the court to give the statute which authorized their creation an effect in direct conflict with its terms. The maxim that he who asks equity must do equity cannot be made rightfully to support such a conclusion. We have examined the cases cited by appellants on this point, and we do not think that any of them support their position. Liens of this class are purely statutory, and only exist for the term given by the statute. In their origin and enforcement they are at every step adverse to and against the consent of the owner of the property affected thereby, and he may, without violating any rule of equity, insist that the claimant shall find his right to enforce them in the statute which authorized their creation.

4. Two of the judgments foreclosing the asserted liens were rendered October 12, 1886, after the commencement of this action, and less than six months prior to the filing of the answer herein. The plaintiff was not a party to either of them, and it does not appear that he had any notice, actual or constructive, of their pendency, and is therefore not bound by them. On the day of their rendition the plaintiff was the owner of the lots upon which the liens were decreed to exist, and his deeds, showing the title to be in him, were duly recorded. It is true that at the time of the commencement of these actions the plaintiff was not a necessary party, but he became so when he acquired the legal title, and should then, by proper proceedings, have been made a party thereto. The statute which authorized the enforcement of the liens contemplates that whoever is the legal owner at the time of the rendition of the judgment shall be a party, unless he is a purchaser *pendente lite* affected with notice of the action. It follows that these judgments are ineffectual for any purpose, as against the title of plaintiff.

5. In regard to the pending suits for the foreclosure of the liens asserted by appellants, if it should be as-

sumed that the defendants may yet make the plaintiff a
party thereto, it is sufficient to say that the findings do
not disclose that any of these alleged liens are valid.
The substance of the findings on this point is, that the
superintendent of streets made, recorded, and issued an
assessment, with a warrant and diagram thereto annexed,
for the cost of the street-work named, under a contract
which had been before that awarded to the contractor
by the board of supervisors. All that is said in the find-
ings may be true, and still the proceedings prior to the
making and recording of the warrant, assessment, and
diagram have been invalid. The board of supervisors
may not have had any jurisdiction to award either of the
contracts upon which the assessments were made. It
was incumbent upon the appellants asserting such liens
to show the facts establishing their validity.

As no objection was made to the answer, and the case
seems to have been tried upon the theory that it was
sufficient, it must be deemed here as sufficiently alleging
the validity of these liens. But the court should have
found the facts in regard to their creation. The bill of
exceptions does disclose that evidence was introduced on
this point, but there is nothing therein to indicate how
the facts relating to the validity of such liens should have
been found from such evidence. It is simply stated that
the evidence was sufficient to justify certain findings
named; but these findings do not assert that any of the
steps required by the statute to be taken prior to the
awarding of the contracts were taken. The omission to
find whether or not such liens were valid is not therefore
a ground for the reversal of the judgment. (*Himmelman*
v. *Henry*, 84 Cal. 104; *Winslow* v. *Gohransen*, 88 Cal. 450.)

The opinion of Harrison, J., in the latter case, apply-
ing the rule of *Himmelman* v. *Henry*, 84 Cal. 104, in
which opinion it was assumed that evidence had been
given in relation to a matter upon which the findings
were silent, is satisfactory, and leaves nothing to be

added by way of argument in support of our conclusion that the judgment ought not to be reversed because of this defect in the findings.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.