Dry Dock Assn., Appellant, *v*. Georeno et al.

Argued September 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*John W. Speckman*, for appellant.—All liens against a property are divested by a judicial sale unless clearly preserved by an act of the legislature: Bellevue Boro. v. Umstead, 38 Pa. Superior Ct. 116; Moyamensing v. Schubert, 1 Phila. Report 256.

*William Ginsburg*, for appellee.—Under the Act of May 18, 1923, P. L. 207, a municipal lien is not divested by a judicial sale unless the proceeds realized are sufficient for its payment: City of Johnstown v. Deibert, 88 Pa. Superior Ct. 117; Pittsburgh's Appeal, 70 Pa. 142.

OPINION BY TREXLER, P. J., December 16, 1932:

The question involved in the present case is whether a municipal lien against real estate is divested by a judicial sale thereof, where the sale is had on the judgment obtained on the lien, and the proceeds of such sale are not sufficient to pay the amount of the lien. The question arises in the distribution of property sold at sheriff's sale. Georeno and wife on February 18, 1928 gave a mortgage to the Dry Dock Series Building Association, which mortgage was a first lien on premises situated on Paschall Avenue, Philadelphia. On October 10, 1930 the City of Philadelphia to the use of Comer filed a municipal claim for $108.15 for paving the sidewalk in front of the same premises, and on March 5, 1931 a levari facias was issued on the municipal claim, and in pursuance to the writ the premises were sold by the sheriff on April 6, 1931 to Esther Cassover for $60, a deed being duly delivered by the sheriff to her for the property sold.

On April 30, 1931 a writ of scire facias was issued on the mortgage and on June 9, 1931 the same premises

on Paschall Avenue were sold by the sheriff to the Dry Dock Series Building Association, above named, the mortgagee, for $1,000. In the distribution of the fund by the sheriff, the use-plaintiff, the owner of the city lien, asked that an amount sufficient to pay the balance of his lien be distributed to him. The lower court held that the sale, had by virtue of process issued on the municipal lien, had not divested the lien, and awarded sufficient of the sum in hand to the claimant to satisfy his demand, and from that ruling of the court the present appeal is taken.

Ordinarily when property is sold by the sheriff on an execution and a deed given to the purchaser, the latter receives the land free from the lien of the judgment, or mortgage or other lien under which the execution was had. We must, therefore, in order to sustain the ruling of the lower court find some legislative enactment which preserves the lien where the execution under which the property is sold by the sheriff is on the very lien itself, for as stated in Bellevue Boro. v. Umstead, 38 Pa. Superior Ct. 116, "he who would successfully assert that any particular claim possesses these unusual and extraordinary incidents, must be able to point to some clear expression of the legislative will creating them." "The discharge of a lien for such [local] taxes would accord with our general policy to deliver to the purchaser at sheriff's sale a title free of encumbrance." Com. v. Lowe Coal Co., 296 Pa. 359; 145 Atl. 916. The court, in the present case, based its conclusion upon the Act of May 16, 1923, P. L. 207, which furnishes a complete and exclusive system in itself so far as it relates to tax and municipal claims, making special reference to Section 31, which reads in part as follows: "Nor shall a lien of a tax or municipal claim be divested by any judicial sale of the property liened as respects so much thereof as the proceeds of such sale may be insufficient to discharge."

Taking the part of the section quoted by the court, without considering the remaining part of the section to which we will hereafter refer, there is authority notwithstanding the amplitude of the expression used for the conclusion, that the words "any judicial sale" do not include a sale made by virtue of process issued on the very lien, but in such case the lien is discharged although not sufficient has been realized to pay it. The Act of March 11, 1846, P. L. 114, Section 6, provided that "the lien of such [municipal] claims shall not be divested by any judicial sale as respects so much thereof as the proceeds of such sale may be insufficient to discharge and pay." We call particular attention to the similarity of the language in both acts. In Philadelphia v. Meager, 67 Pa. 347, (a decision under the Act of 1846) it was held that in the sale of property under process issued on a city lien where there was a sum realized insufficient to pay the other liens the city had against the property, they were not discharged. The court, however, took occasion to say "Where the corporation proceeds for the claim and sells the property bound by its lien, there may be a good reason for holding as the common pleas and district court has held: Moyamensing v. Shubert, 1 Phila. R. 256; Brinton v. Perry, Id. 436, that the lien is divested by the sale, whether the proceeds are sufficient to pay the claim or not. Such a sale may be well regarded as not within the meaning of the act. It would be an unreasonable construction of the act that the corporation might sell the same property over and over again on the same lien. By permitting it to be struck down and conveyed to the purchaser at the price bidden therefor, the corporation impliedly consents that he shall hold it discharged from the lien on which it was sold; and it would be inequitable after receiving the purchase-money to sell it again on the same lien." In Moyamensing v. Shubert, supra, President Judge KING

commenting upon the same Act of 1846, after referring to the necessity of preserving city liens from divestiture where the city has no notice of the sales states: "But in a case like the present, in which the corporation is the actual plaintiff, issuing the execution process under which the land is sold, execution process founded on the lien itself, the mischief proposed manifestly to be remedied by the law does not exist. The purchaser under such process is in substance and effect a purchaser from the corporation itself and can it be that such a purchaser is to be disturbed in the engagement of the land he has paid for, by the very party who is substantially his vendor? When the corporation, instead of resting on the security of its lien, as one which could not be extinguished, otherwise than by actual payment, thinks fit to assume an active attitude and to enforce its present payment by execution process, it occupies only the position of any other lien creditor. If it had been the intention of the legislature that the lien of a corporation claim on land should not be extinguished under any circumstances short of actual payment in full, even on a judicial sale under its own process, it would have been easy to say so. A purchaser under such sale would then have been admonished that he took the land charged with the incumbrance, if the purchase money paid by him proved inadequate to extinguish it. This he certainly does do, when the land is sold under other process than that of the corporation itself. But further than this the legislature never could have intended to go. The first principles of justice interdict a man from impeaching or disturbing the title and enjoyment of land derived from himself. And such a construction should certainly be given to this act, as while it carries into effect its legitimate objects, makes its administration harmonize with the dictates of natural equity and right reason."

If, however, we assume, arguendo, that the above

reasoning is incorrect and that the words "any judicial sale" standing alone embrace every judicial sale, a reading of a larger part of the first paragraph of Section 31, above referred to, will lead inevitably to the conclusion that a sale on the lien itself is not included. It reads as follows: "The lien of a tax or municipal claim shall not be divested by any judicial sale of the property liened, where the amount due is indefinite or undetermined, or where the same is not due and payable; nor shall the lien of a tax or municipal claim be divested by any judicial sale of the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge; nor, except as hereinafter provided, shall a judicial sale of the property liened, under a judgment obtained on a tax or municipal claim, discharge the lien of any other tax or municipal claim *than that upon which said sale is had* except to the extent that the proceeds realized are sufficient for its payment, after paying the costs and expenses of the sale, and of the writ upon which it was made, and any other prior tax or municipal claims to which the fund may first be applicable." The words, which we have put in italics, plainly support the implication that the lien upon which the sale is had, shall be discharged. The whole section must be considered and force given if possible to all it contains, and the broad language employed in the one part must be restricted by the exception specifically mentioned in the latter part, so that they may be consistent. We conclude that the lien in the present case was discharged.

We may also call attention to the fact that the latter part of Section 31 expressly provides that where the property is not sold for a sum sufficient to pay all taxes and municipal claims the plaintiff may in the manner set out in the act, postpone the sale, and sell the property clear of all liens. The claimant stood by and allowed the property to be sold and a deed given

for the same without objection, and having failed to avail himself of the relief provided by the act he has lost his lien and is now without remedy. If he had fixed an upset price as provided by Section 29 of the act, no sale of the property could have been had, unless sufficient had been realized to pay all city liens, but he did not choose to avail himself of the method provided by the act.

The judgment is reversed, and the record remitted so that distribution may be made in accordance with this opinion. Appellee to pay the costs.