WALTER E. FISKE, Admr., *c. t. a., et al., vs.* THE HEIRS AT LAW AND DEVISEES OF WILLIAM A. FISKE.

PROVIDENCE—DECEMBER 21, 1904.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)   *Wills. Powers. Life Estates and Remainders. Residuary Devises.*

Testamentary devise as follows: "To my wife, all my estate, for and during her natural life, with full power to sell the real estate, and in her discretion to re-invest the proceeds of such sale. If the income shall not prove sufficient for the support of my said wife, I empower her to use as much of the principal as she may deem best. Meaning and intending that my wife shall have full power to use as much of my estate, principal, interest, in-

come and profits as she shall choose for her own maintenance and support.

"One-half of all that shall remain at the death of my wife, I devise to the use of such persons for such purposes and in such manner as my wife shall by will appoint, and in default of such appointment to the heirs at law of my wife living at the time of her decease.

"The remaining one-half of that portion of my estate remaining at the death of my wife, I devise to my brothers A. & B. share and share alike."

The wife of testator died before his decease, intestate, leaving as her heirs at law, three sisters and a half-sister. The heirs at law of testator were his two brothers A. and B., and the children of two deceased sisters. On construction of will:—

*Held,* that one-half of the real estate left by testator vested immediately in his two brothers A. and B., the intervening life estate having failed by the death of testator's wife before the will took effect, and the gifts and powers to her having lapsed and become a nullity; and the other one-half thereof vested immediately in the heirs at law of the wife living at her decease.

*Held,* further, that the estate of the wife was a particular one, and the power of appointment did not have the effect to make it absolute.

*Held,* further, that, as there was a gift over in the event that no appointment by the life tenant was made, such provision took the case out of the general rule that by the death of the object of the testamentary gift in the lifetime of the testator the gift would lapse, such lapse, in the case at bar, merely accelerating the remainders so that they took effect at once on death of testator.

CASE STATED for an opinion under Gen. Laws cap. 240, § 24.

TILLINGHAST, C. J. This is a case stated for an opinion as to the construction of certain clauses of the will of Willlam A. Fiske, and is brought under the provisions of Gen. Laws R. I. cap. 240, § 24.

The facts are these: William A. Fiske died on April 19, 1904, leaving a last will and testament which was duly admitted to probate, and which, in so far as it is material in determining the questions propounded, is as follows:

"First. I give, devise and bequeath to my wife, Susan W. Fiske, all my estate, real, personal and mixed, of which I shall die possessed, or to which I shall be in any wise entitled at my decease, for and during her natural life; with full power to sell the real estate and, at her discretion, to re-invest the proceeds of such sale or sales. Furthermore, if the income and profits of my said estate shall not prove sufficient for the proper and comfortable support and maintenance of my said wife, I authorize and empower her to use for that purpose as much of

the principal of said estate as she may deem wise and best. Meaning and intending that my said wife shall have full power to use as much of my said estate, principal, interest, income and profits, as she shall choose for her own maintenance and support. . . .

"Third.   One-half of all that shall remain of my said estate at the death of my said wife, I give, devise and bequeath to the use of such person or persons, for such purposes and in such manner, as my said wife shall by will or codicil appoint; and in default of such appointment, and so far as any appointment by her shall not extend, to the heirs at law of my said wife living at the time of her decease.

"Fourth.   The remaining half-part of that portion of my said estate remaining at the death of my said wife, I give, devise and bequeath to my brothers Albert L. Fiske and Edward W. Fiske, the same to be equally divided between them, share and share alike, to them, their heirs and assigns forever."

Susan W. Fiske, wife of the deceased, died before his decease, intestate, and left as her heirs at law, three sisters and a half-sister, all of whom are still living, namely, Helen F. Beaton, Hannah G. Love, Harriet Waterman, and Sarah P. Andrews, the last named being the half-sister.

The heirs at law of the testator are his two brothers, now living, viz.: Edward W. Fiske, of Cumberland; Albert L. Fiske, of Providence; and the children of two sisters now deceased, viz.: Adelaide Simmons, only child of Emeline Fiske Walker, deceased, and Robert Walker, Markus B. Walker, Henry B. Walker, and Anna Britt, children of Mariana Fiske Walker, of Cranston, deceased, all of them being of lawful age.

The persons thus named, together with the plaintiff Walter E. Fiske, who is the administrator, *c. t. a.*, of the estate, are all the parties in any way interested in the estate in question.

In view of these facts the following questions are propounded for our determination, viz.:

1.   Does any part of the said estate pass by the third paragraph of said will and testament to the heirs at law of the said Susan W. Fiske, in default of her testacy, she having died in the lifetime of the testator, and if so, what?

2. If no, does the moiety of the said estate set apart in said will for the benefit of the said wife pass to the two brothers named in the fourth paragraph of said will and testament, or as intestate estate to be divided among all the heirs at law of said decedent?

3. Does any estate or property, if any there be, accruing or acquired by the testator, after the death of the said Susan W. Fiske, become intestate estate to be divided between the heirs at law of said decedent, or pass to the two brothers named in paragraph fourth, or does said paragraph only take effect upon that portion of the estate which was *in esse* or possession at the date of the decease of said Susan W. Fiske?

(1) In answer to the first question we reply that in our opinion one-half part of the entire estate in question passed to the heirs at law of Susan W. Fiske, under the third clause of said will.

It is very clear that the testator intended that all of his estate, after his wife had been provided for out of it during her life, should go, one-half thereof to the heirs at law of his wife living at the time of her decease, and the other half thereof to his two brothers named therein. The natural and literal construction of the will is plainly to that effect. And where the language is clear and explicit, it must prevail. *Perry* v. *Hunter*, 2 R. I., 86; *Wood* v. *Mason*, 17 R. I. p. 103. Moreover, this construction is strengthened, and the construction contended for by some of the heirs of William A. Fiske, viz., the children of his deceased sisters, is weakened, by the well-established rule of construction that a will should not be so construed as to cause a partial intestacy, unless it can not reasonably be otherwise interpreted. *Pell* v. *Mercer*, 14 R. I. p. 427; *Wood* v. *Mason*, *supra*, at p. 103; *Smith* v. *Greene*, 19 R. I. 558.

By the death of testator's wife in his lifetime, and after the execution of his will, all the gifts and powers to her thereunder lapsed and became a nullity. And so far as the rights of the residuary devisees mentioned in the fourth clause of the will are concerned, they stand precisely the same as though the testator had willed said estate to them directly. At the death of the testator, therefore, one-half of the real estate which he

left vested immediately in his two brothers named in said fourth clause, without any postponement for an intervening life estate, that contingency having failed by the death of the testator's wife before the will took effect; and the other half thereof vested immediately in the sisters of testator's wife. Gen. Laws R. I. cap. 203, § 7;[1] Amer. & Eng. Ency. L., vol. 18, 2nd ed., p. 725. The lapse of the life estate of Susan W. Fiske merely accelerates the estates given in remainder by the third and fourth clauses of the will.

Counsel for the administrator contends that the dual bequests to the wife contained in said first clause of the will lapsed by her death in the lifetime of the testator, and hence that the estate devised to her became intestate estate of said decedent. His argument, as we understand it, is that as the power bequeathed was absolute, and as it lapsed by the death of the donee thereof, the devise of the estate is as though it were to the wife and her heirs; that is, an absolute gift to them. And that this absolute gift would lapse also by her death in the lifetime of the testator.

We can not assent to this contention. The gift to the wife of the powers referred to did not have the effect to make her estate an absolute one under the decisions of this court. Thus, in *Rhode Island Hospital Trust Co.* v. *Commercial Bank*, 14 R. I. 625, it is held that, when a testamentary gift is expressly limited to the donee for life, a superadded power given to the donee to sell and appropriate the proceeds will not enlarge his

---

[1] "Sec. 7.  Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained, which shall fail or be void by reason of the death of the devisee in the lifetime of the testator without leaving issue of such devisee living at the time of the testator's decease, or by reason of such devise being contrary to law or otherwise incapable of taking effect, shall be included in the residuary devise, if any, contained in such will; and if a residuary devisee or legatee die before the testator without leaving issue living at the time of the testator's decease, and there be other residuary devisees or legatees named in such will in the same residuary clause, such other residuary devisees or legatees named in said clause, whether a class or not, shall take at the testator's decease the share of such residuary devisee or legatee so dying in like proportions as their shares bear one to another as expressed in said will under said residuary clause."

interest into an absolute estate. Durfee, C. J., in delivering the opinion of the court in that case, said that: "Where in a will the gift to the first taker is expressly limited to him for life, it is not enlarged into an absolute gift by the mere annexation of a power to him to dispose of or appropriate the fee or capital, at least when the power is only a power to dispose of or appropriate the fee or capital during his life. For, as has been well said, 'an express bequest of an estate for life negatives the intention to give the absolute property, and converts the superadded right of his disposition into a mere power.' "

*Tilton, Petitioner*, 21 R. I. 426, is strongly in point. There the testator gave to his wife all of his property, to be used and disposed of by her during her natural life precisely the same as the testator might do if he were living. Following this provision was a power of appointment over the estate by will, made after the testator's decease, given to the wife, and certain dispositions of the estate in case the wife should not survive the testator, or should survive but leave no will. And the court held that the intention of the testator was to give his wife a life estate with full power of disposition of the whole, and, further, that if he had intended to give her the power absolutely it would have been unnecessary to give her specifically, the property mentioned; and that the disposition of the estate on the decease of the wife was consistent only with the taking by her of an estate for life. To the same effect is *Gardner* v. *Whitford*, 23 R. I. 396.

The wife's estate in the will before us was a particular estate, expressly given, and the power of appointment in the manner specified in said third clause did not enlarge the same.

In *McLean* v. *Freeman*, 70 N. Y. 81, the rule is well stated as follows: "An ulterior devise, or a gift over, to take effect upon the defeasance of a former devise, will take effect whether the failure of the primary devise is by the happening of some event, as the death of the devisee in the lifetime of the testator, so that the failure was absolute at the death of the testator, and the taking effect of the will, or by some event happening subsequently and after the first gift has taken effect subject to the condition by which it is limited and may be defeated."

See also the following cases, cited in the brief of counsel for Hannah G. Love, viz.: *Robison* v. *Female Orphan Asylum*, 123 U. S. 702; *Webster* v. *Gilman*, 1 Story, 499; *Billingsley* v. *Harris*, 17 Ala. 214; *Dracus* v. *Crump*, 6 B. Mon. 363; *Eaton* v. *Straw*, 18 N. H. 320, 332; *Yeaton* v. *Roberts*, 28 N. H. 459; *Brown* v. *Brown*, 43 N. H. 17; *Huber* v. *Mohn*, 37 N. J. Eq. 432; *Crozier* v. *Bray*, 120 N. Y. 366; *Caldwell* v. *Skilton*, 13 Pa. St. 152.

In support of the contention of counsel for administrator, that by the death of testator's wife in his lifetime the estate lapsed and vested in his heirs at law, he cites the following extracts from Jarman on Wills, vol. 1, *p. 307, *et seq.*, viz.: "The liability of a testamentary gift to failure, or as it is usually termed lapse, by reason of the decease of its object in the testator's lifetime, is a necessary consequence of the ambulatory nature of wills, which, not taking effect until the death of the testator, can communicate no benefit to persons who previously die. . . . Even a declaration that the devise or bequest shall not lapse, does not *per se*, prevent it from failing by the death of the object in the testator's lifetime."

To this second extract should be added the remainder of the sentence, which is as follows: "Since negative words do not amount to a gift. And the only mode of excluding a title of whomsoever the law, in the absence of disposition, constitutes the successor to the property, is to give it to some one else."

On *p. 310 the same author says: "If no appointment is made, and there is no gift over in default of appointment, only the objects who survive the donee will be capable of taking by implication."

It is plain from this statement of the law, which is undoubtedly correct, that where there is a gift over and a default of appointment the object named in the gift over will take.

In the will before us no appointment was made, but there was a gift over in case of such a contingency. The language of the will is: "and in default of such appointment, and so far as any appointment by her shall not extend, to the heirs at law of my said wife living at the time of her decease." This

provision clearly takes the case out of the general rule relied · on by counsel for the administrator and brings it within the rule heretofore recognized and adopted by this court in the cases referred to.

As said by counsel for Mrs. Love: "The intent of the testator is clear. He wished to give half of his estate to his own family and half to his wife's family. He provided that his wife should have the power to choose the beneficiaries on her side, and that if for any reason she did not care to exercise this power, one-half of the estate should go to her heirs."

In *Crozier* v. *Bray, supra,* there was a devise of a life estate with power to use and dispose, and then a devise of "all that may remain of the property of my wife at her decease." And it was held that the death of the wife before that of the testator accelerated the remainders so that they took effect at once on the decease of the testator. See also *Davoll* v. *Field et al.,* 9 R. I. 287, and *Almy* v. *Jones,* 17 R. I. at p. 271, as to the purpose and construction of the statute above referred to and its effect upon the common-law rule contended for by counsel for the administrator.

Under the law as above stated we think it is clear that the devises over in the third and fourth clauses of the will in question took effect immediately upon the death of the testator. The lapse of life estate devised to Susan W. Fiske merely accelerated the estate given by said clauses.

As we are of opinion, then, that all of the estate which the testator left is to be divided in manner aforesaid, that is, one-half part thereof to the four sisters of Susan W. Fiske, deceased, hereinbefore named, in equal shares, and the other half part thereof to the two brothers of the testator above named, in equal shares, there is no occasion for us to consider any of the remaining questions above propounded.

*William Fitch, Harrison A. McKenney, Tillinghast & Carr, Tillinghast & Murdock, and Arthur M. Allen,* for parties.