JOHN K. PRICE *et al. v.* PERCY D. TALKINGTON *et al.*

(CC 673)

Submitted October 5, 1943. Decided November 16, 1943.

*Linn Mapel Brannon* and *Haymond Maxwell*, for plaintiffs in error.

*Walter F. Ball* and *Lawrence S. Schwenck*, for defendants in error.

RILEY, PRESIDENT:

In this suit, instituted in the Circuit Court of Wetzel County by John K. Price, Mildred Fultz, Margaret Steele, Bernice Mollendick and Price Bartlett, against Percy D. Talkington, J. E. Price, executor of the last will and testament of W. T. Price, and Ellis J. Talkington, plaintiffs sought to have the will of the decedent so construed as to permit them, as heirs at law of the testator, to recover from Percy D. Talkington personal property of the alleged value of $22,433.21 which the executor had distributed to him under the residuary clause of the will. The circuit court overruled a demurrer to the bill of complaint, and certified here the questions arising thereon.

From the bill of complaint it appears that W. T. Price died testate in Wetzel County on April 5, 1942. Under the terms of his will he devised to Ellis J. Talkington two tracts of land and bequeathed the sum of five dollars each to "John K. Price—Florence King Heirs and Mary Bartlett Heirs", plaintiffs in this suit. The present controversy arises over the following paragraphs of the will:

"And the remainder of my property both real and personal, I give devise and bequeath to my wife Martha J. Price to have uses sell and 'and' dispose of as she may desire or as 'Needessity' may require for her 'maintainance' during her lifetime.

"And at her Death after all expenses as to Funeral and Monument and all other necessary expenses have been fully paid and settled Whatever of said property that may be left is to go to Percy D. Talkington."

Martha J. Price predeceased her husband, without issue, and by reason thereof plaintiffs charge that the devise and legacy to her lapsed, causing the testator to die intestate as to the property covered by such lapsed devise or legacy and therefore assert that the executor erroneously distributed personalty of the value indicated above to Percy D. Talkington. Plaintiffs prayed recovery thereof; and pending the further order of the trial court, a special re-

ceiver was authorized to take possession of the contro-
verted property. Talkington's position is a denial of such
view and an argument that "the remainder interest in
question is fully preserved by" Code, 36-1-16, and that the
death of decedent's wife accelerated the estate of the re-
mainderman.

In this jurisdiction, judicial precedent had firmly estab-
lished, as a postulate of property law, the rule that a gen-
eral power of disposal of property attached to a life estate
created a fee simple estate. *Hustead* v. *Murray,* 115 W. Va.
660; 177 S. E. 898; *Swan* v. *Pople,* 118 W. Va. 538, 190 S. E.
902, and cases cited therein. In each of these cases it was
observed that our rule did not coincide with the majority
view in this country, and in each was the expressed hope
that Code, 36-1-16, effective as of January 1, 1931, had abro-
gated the principle characterized in the *Swan* case as
"archaic".

Code, 36-1-16, reads as follows:

> "Interest in Property Coupled with a Power of
> Disposal.—If any interest in or claim to real or
> personal property be given by sale or gift inter
> vivos or by will to one, with a limitation over
> either by way of remainder or of executory de-
> vise or any other limitation, and by the same con-
> veyance or will there be conferred, expressly or
> by implication, a power upon the first taker in his
> lifetime or by will to use or dispose absolutely
> of such property, the limitation over shall not fail
> or be defeated except to the extent that the first
> taker shall have lawfully exercised such power
> of disposal. The proceeds of a disposal under such
> power shall be held subject to the same limita-
> tions and the same power of use or disposal as the
> original property, unless a contrary intent shall
> appear from the conveyance or will: Provided,
> however, That a trust deed or mortgage executed
> by such first taker shall not be construed to be an
> absolute disposal of the estate thereby conveyed
> unless there be a sale thereunder, but shall be
> effective only to the extent of the lien or en-
> cumbrance created by such trust deed or mort-
> gage."

Is it, as stated in the *Hustead* case, "the means of freeing the courts of the state from adherence to an ancient rule, the effect of which is to defeat in part the apparent intent of the testator"?

The pertinency of the statute to the instant case is advanced by Percy D. Talkington in his assertion that, by reason thereof, his remainder is preserved, while denial of such significance by counsel for plaintiffs is premised on the theory that since Martha J. Price died without issue, the anti-lapse statute (Code, 41-3-3) was rendered inapplicable, and the entire estate which the testator intended for his wife lapsed and as a result thereof, the testator died intestate as to such estate which passed to plaintiffs as next of kin and heirs at law of the testator. Such premise, it occurs to us, is of itself suggestive of the necessity of employing some legal yardstick to determine what, judicially speaking, the will would have yielded to the wife had she survived the testator.

At the outset it is an interesting observation that three authors, all experienced in the study of the instant problem but without benefit of judicial indicia, have concluded, in effect, that enactment of the statutory language under consideration has placed this jurisdiction in line with the majority view. Simonton, Article: Effect of Power in Life Tenant to Make Absolute Disposition of Property, 37 W. Va. Law Quarterly 422-425; Simes, Law of Future Interest (1936), Vol. 2, Section 598; Tiffany, Real Property, Third Ed., Section 56, Note 79.

Counsel, in their briefs and in oral argument, ably presented and discussed the experience of both the judiciary and legislature in Virginia in dealing with the question of whether the remainderman's legacy or devise was to be preserved for him. In that jurisdiction, there was early judicial authority to the effect that a devise of the whole of a testator's property to his wife for life, coupled with power of appointment "between whoever his wife should think proper to make her heir or heirs" and testator's brother, without exercise of that power, created in the first

taker a fee simple. *Shermer* v. *Shermer's Executors,* 1 Wash. Va. 266 (1794). In *May* v. *Joynes,* 20 *Gratt.* 692, the same principle was adopted where the testator had devised and bequeathed property to his wife for life, with full power to make sale of any part thereof and to convey absolute title to the purchasers and to use the purchase money for investment or any purpose that she pleased, but with the limitation that whatever remained at her death should, after paying any of the wife's debts and legacies, be divided among certain persons. In 1908 by enactment of the Virginia legislature (Virginia, Acts 1908, Chapter 146), it was provided that:

> "Any interest in or claim to real estate may be disposed of by deed or will. Any estate may be made to commence in futuro, by deed, in like manner as by will, and any estate, real or personal, may be disposed of by deed or will with power of absolute disposition by the grantee, devisee, or legatee, with limitation over by way of remainder, of executory interest, of such portion of such estate so granted, devised, or bequeathed, which shall not have been absolutely disposed of by such grantee, devisee, or legatee, in his or her life time, which said remainder, or executory interest, shall be valid and shall pass as directed by such grantor or testator; provided, however, that a deed of trust or mortgage shall not be construed to be such absolute disposition of the estate thereby conveyed, unless there be sale thereunder; and any estate which would be good as an executory devise or bequest, shall be good if created by deed."

Although subsequent legislation (Virginia, Code of 1919, Section 5147) effected material changes in the language of the 1908 enactment, the latter was the subject of judicial interpretation in *Southworth* v. *Sullivan,* 162 Va. 325, 173 S. E. 524, in which it was held that under a devise to a wife in fee simple to use for her maintenance and "whatever may be left at her death" to testator's niece, the remainder was valid and passed as directed. The opinion

in that case contains a review of the Virginia precedents, with the conclusion that:

> "* * * the act of 1908 means that where any estate in property, real or personal, is granted, devised, or bequeathed to a grantee, devisee, or legatee, with the full and absolute power to dispose of the property, but with a grant or gift over of so much of the property as shall not be disposed of by the first taker during his lifetime, the limitation over shall be valid, and so much of the property as shall not be absolutely disposed of by the first taker shall pass as directed by the grantor or testator. It applies as well where a devise of property is made 'to A to have in fee simple' with a gift over to B of so much thereof as shall not have been disposed of by A, as it does to a devise of property 'to A for life with the full power to dispose thereof' with a gift over to B of so much thereof as shall not be disposed of by A."

It is worthy of note that the Virginia court was not concerned whether the gift over was a "vested remainder, contingent remainder, or an executory devise"; but denominated it "a right accrued" and expressly saved to her under the provisions of the statute. For a criticism of the Act of 1908, see 14 Va. Law Register 161.

Just as the Virginia statute, above discussed, intended to preserve for the remainderman an estate in accordance with the specific and expressed direction of the testator, so do the words of our statute which read that "the limitation over shall not fail or be defeated except to the extent that the first taker shall have lawfully exercised such power of disposal". Counsel for plaintiffs would characterize the limitation over as a contingent one. That position is not tenable, for it ignores two cardinal principles of construction. An instrument will be construed, where possible, as creating a vested remainder rather than an executory interest. *Patton* v. *Corley,* 107 W. Va. 318, 148 S. E. 120; Tiffany, Real Property, Third Ed., Vol 2, Section 378. Secondly, a condition will be construed, if possible, as subsequent rather than precedent, so that where there is a

contingency, words of contingency will be referred, not to the vesting of the estate but rather to the divesting. Tiffany, *idem*. The same author expresses the distinction between a vested and contingent remainder. thus: "The uncertainty which distinguishes a contingent remainder is not the uncertainty whether the remainderman will ever enjoy it, but the uncertainty whether there will be a right to such enjoyment". Section 323. The fact that the remainder may be divested by the exercise of a power of sale has been held not to make of the remainder a contingent one. *Ashbaugh* v. *Wright*, 152 Minn. 57, 188 N. W. 157.

As we have heretofore observed, the mischief of our rule was denial of the apparent intention of the testator, although some of the cases sought to justify the conclusion reached by the Court by showing that the will expressed first, a dominant and then a secondary interest and adhering to the one considered by the Court as constituting the paramount intent. *Morgan* v. *Morgan*, 60 W. Va. 327, 55 S. E. 389; but see *Woodbridge* v. *Woodbridge*, 88 W. Va. 187, 106 S. E. 437. Even where there was the right of complete user in the first taker, this Court had held that a fee simple had been created, thus rendering ineffectual a provision for the remainderman, (*Grimmett* v. *Meadows*, 116 W. Va. 384, 180 S. E. 534), although as important an incident as the right to devise which is concomitant of fee simple ownership was not within the power which the testator provided for in his will. There may be no question that adoption of Code, 36-1-16, sought to make the testator's apparent intent expressed in the entire textual language a reality.

The rationale of the rule which the statute must have been designed to correct is answered only if we regard each of the beneficiaries of a will as being vested with an estate at the death of the testator: a life estate in the first taker with an appendant power which, if exercised, is thereby enlarged into a fee which thus destroys the vested remainder of the limitation over.

We therefore conclude that, under the terms of decedent's will, had Martha J. Price survived her testator husband, upon her death, whatever remained of the residuary estate would have passed into the possession of Percy D. Talkington for him to enjoy under the right which vested in him at the death of the testator.

But, counsel for plaintiffs insist that since testator's wife predeceased him, whatever was intended for her lapsed and passed to them as next of kin and heirs at law of the testator. What effect does the death of the life tenant with appendant power of disposal have upon the remainder, the validity of which is sanctioned by Code, 36-1-16?

It has been held generally that where a will gives a life estate with remainder in fee and the life tenant dies before the testator, such death affects merely the interest of the life tenant and has the effect of accelerating the remainder. 69 C. J., Subject, Wills, Section 2260; see cases annotated in note (following *Elliott* v. *Brintlinger*, 376 Ill. 147, 33 N. E. [2d] 199), 133 A. L. R. 1364, 1367; *Nichols* v. *Haviland*, 1 K. & J. 504, 69 Eng. Rep. 558 (1855); *Farnsworth* v. *Whiting*, 102 Me. 296, 66 A. 831; *Nelson* v. *Meade, Admr.*, 129 Me. 61, 149 A. 626; *Fiske* v. *Fiske's Heirs*, 26 R. I. 509, 59 A. 740. In Tennessee, where the rule that a life estate with power of disposal created a fee simple estate obtained, in *Nicholson* v. *Holt*, 174 Tenn. 358, 125 S. W. (2d) 483 (1939), the Court held that where a testator devised a life estate in realty to his wife, "with absolute control thereof for and during her natural life, together with all the rents, profits, and income therefrom, to use and enjoy and dispose thereof as she may see fit and proper, and at her death the remainder interest therein" to testator's son, and the first taker died in the testator's lifetime, the remainder was accelerated and took effect in possession on the death of the testator, citing in support thereof 3 Washburn on Real Property, Sixth Ed., Section 2449; 1 Tiffany on Real Property, Second Ed., Section 146; 23 Ruling Case Law, Remainders, Section 103.

The rule governing the failure of an attempted prior interest, created to last for a restricted period only, before the conveyance purported to create it becomes operative as stated in the Restatement of the Law II, Property, Future Interests, Parts 1 & 2, Section 230, is as follows:

> "When an attempted prior interest fails because it is, in terms, created to last for a restricted time only, which time has expired at or prior to the time when the conveyance becomes operative, then, in the absence of a manifestation of a con-trary intent, the interests limited subsequent to such attempted prior interest take effect as if no such prior interest had been limited in the creating instrument."

Illustrative of the rule the restatement reads:

> "A, owning Blackacre in fee simple absolute, makes an otherwise effective devise of Blackacre 'to my wife B for life, with full power to sell and to consume as she may desire, remainder to my son C and his heirs'. B dies. Two days thereafter A dies. C has a possessory estate in fee simple absolute in Blackacre."

The foregoing illustration shows the applicability of the rule to the instant case. Under the foregoing rule and illustration, the failure of the prior estate, created for a stipulated duration, before the conveyance purporting to create it becomes operative leaves "no gap in the limitation to be filled by acceleration, sequestration or intest-acy." Restatement of the Law, *id.*, Section 230, comment: a. Rationale. See also as to the use of the term "acceleration", 2 Tiffany on Real Property, Third Ed., Section 337.

Under Code, 41-3-1, a will is construed to speak and take effect as if it had been executed immediately before the testator's death, unless a contrary intention appears therefrom; and absent such intention, wherever an estate devised in the will fails or is void, it becomes a portion of, and is included in, the residuary devise or bequest, if one

is contained in the will. Code, 41-3-4; see also Minor on Real Property, 2d Ed., Vol. 2, Section 1186.

Plantiffs urge that the fourth paragraph, rather than the fifth, is the residuary clause. We believe that it was the intention of the testator that both of the paragraphs expressed the manner in which the residual portion of his estate should be disposed. It must be said, we think, that he intended Percy D. Talkington to enjoy the residuum, if any, following the user of the life tenant had she lived. There is no lack of clarity as to what he intended; and we see no justification for confusing testator's clear intent as expressed in the will by applying technical rules to his definitely expressed language and thereby reach a conclusion in contravention to the clear legislative directive evidenced in Code, 36-1-16. Price intended that the objects of his bounty, so far as his residuary estate was concerned, were first his wife, and, second, Percy Talkington. Martha J. Price's demise ante-dating that of the testator caused the estate intended for her to fail; and we think, the fact that testator made no change in the provisions of his will, although approximately eighteen months elapsed between the demise of his wife and his own death, is conclusive of his purpose and intent that the designated remainderman should enjoy the residuary estate in its entirety. To say, as plaintiffs would have us do, that the testator died intestate of the property in controversy, would require us to contravene not only a clear testamentary intent against intestacy (see *Carney* v. *Kain,* 40 W. Va. 758, 759, 23 S. E. 650) but the provisions of Code, 41-3-4.

For the foregoing reasons the demurrer to plaintiffs' bill of complaint should have been sustained; and the certificate of the trial court is so answered.

*Ruling reversed.*