# CHARLESTOWN.

## HUNTER, COMM'R, v. KENNEDY et al.

Submitted August 6, 1880—Decided September 1, 1882.

(*SNYDER, JUDGE, Absent.)

1. Where a petition was tendered for the rehearing of a cause, which on its face showed, that the grounds, on which a rehearing was sought, were that the petitioner did not have the benefit in the cause of offsets, which he might have filed and did not for reasons in the petition stated, the circuit court properly refused the petition, because the plantiff, in order to have the benefit of said offsets, was not compelled to file them in the cause, but might have sued at law to recover the same.  (p. 350.)

2. Where such petition was tendered to rehear a cause and also a former cause, on which the latter was claimed to be based, and out of which it was claimed it grew, and neither the bill, exhibits nor decrees in the former cause were exhibited, and no proper

---

*Cause submitted before Judge S. took his seat on the bench.

description of said bill, exhibits or decrees was made in the petition ; the petition was properly refused.   (p. 350.)

3. Where there is no appearance to a cause except to make a qualified consent to a decree entered therein, and such decree is entered on bill taken for confessed, and an appeal is taken from the decree, the appeal must be dismissed as improvidently awarded ; for no appeal could be taken from the part consented to because of such consent, and no appeal would lie from the residue, because it was entered on a bill taken for confessed, no motion to correct having been made and overruled in the court below.   (p. 350.)

Appeal from and *supersedeas* to three several decrees of the circuit court of the county of Jefferson, rendered respectively on the 16th day of November, 1876, on the 24th day of April, 1877, and on the 24th day of October, 1878, in a cause in said court then pending, wherein Andrew Hunter, special commissioner was plaintiff, and John W. Kennedy and others were defendants, allowed upon the petition of said Kennedy.

Hon. John Blair Hoge, judge of the third judicial circuit, rendered the judgment appealed from.

The facts of the case are stated in the opinion of the Court.

*Dandridge & Pendleton* for appellants cited the following authorities:   11 W. Va. 122; 27 Gratt. 291; 1 Munf. 279; Dan. Chy. Pr. 1733–1745; *Id.* 1716 note (2); High Rec. §§ 121, 209 note (1), 227; *Id.* §§ 201, 202, 208, 209, 231; 9 Gratt. 194; 5 Gratt. 120; *Id.* 168; Code ch. 132, § 1; *Id.* ch. 133, § 28; 11 Gratt. 281; 1 Rob. (old) Pr. 456, 457; *Mills* v. *Duryea*, 1 Am. Lead. Cas.

*Daniel B. Lucas* for appellee cited 15 W. Va. 430; 2 Dan. Chy. Pr. 973, 974.

JOHNSON, PRESIDENT, announced the opinion of the Court:

The following bill was filed in the circuit court of Jefferson county:   "Andrew Hunter special *commissioner* of the circuit court of Jefferson county filed his bill of complaint against John W. Kennedy, Andrew E. Kennedy, John Selden and Sarah D. Selden his wife, Mary Cooke, Edward P. Kennedy, S. D. Kennedy and Mary S. his wife, Lizzie G.

Selden, Andrew. K. Selden and H. C. Selden, *defendants.*
Complainant respectfully represents that he was duly appointed
a *special receiver* of the circuit court of Jefferson county, in
the chancery suit of Jno. I. Henkle, John W. Kennedy, &c.,
and as such he obtained a decree in said court on the chan-
cery side, against the defendant Jno. W. Kennedy; that
execution duly issued and was returned, in effect by the
sheriff that said Kennedy is an heir of Andrew Kennedy
deceased who died in this county, leaving to valuable farms,
which are both situated in this county, known as 'Cassilis'
and the 'Cave' farm, and that said Jno. W. Kennedy has an
undivided interest amounting to one-sixth of said two farms.
The complainant therefore prays, that this undivided interest
may be subjected to the payment of his said decree, which as
will appear by an authentic copy of the same herewith filed
as exhibit 'A' amounts to the sum of four hundred and fifty-
seven dollars and eighty-nine cents ($457.89) with six per
cent. interest thereon from May 3, 1872, till paid and two dol-
lars and twenty cents costs of issuing execution; that to this
end sale may be made of such undivided interest, or if the
court should think such course necessary that partition in
kind may be made, and the portion allotted, to said Jno. W.
Kennedy may be subjected in the manner prescribed by law
to the payment of complainant's debt. Complainant prays fur-
ther that Jno. W. Kennedy, and the co-heirs named as de-
fendants in the caption, may be made such by proper process,
and required to answer, and that all such other, and further
relief may be granted, as may be equitable."

Exhibit "A" referred to in the bill is not a part of the
record.

At November term, 1876, a decree was entered reciting,
that "this cause came on to be heard on the proper process
executed or acknowledged by all the defendants, and the bill
and exhibits, and the bill taken for confessed as to all the de-
fendants" and referring the cause to a commissioner to take
proof of the claim set up in the bill and of the interest of the
defendant, Jno. W. W.Kennedy, in the realty inherited from his
father, together with the value of such interest, and whether
the same could be sold to better advantage by partition be-
fore sale, &c.   On the 24th of April, 1877, the court entered

another decree reciting the incoming of the report of the commissioner, and that it appeared by said report, that there had been by mutual agreement a partition of the "Cave farm," in which the defendant, Jno. W. Kennedy, had a sufficient interest to satisfy the plaintiff's demand, and referred to a plat of said land so partitioned, and further stated, that a certain portion thereof *was to be* assigned to said Jno. W. Kennedy. The decree further confirmed the commissioner's report, and appointed two commissioners to sell the said portion to be assigned to said Kennedy to pay the claim of plaintiff; said sale to take place, "after the expiration of ninety days from the adjournment of this term," &c. The decree concludes as follows: "So much of this decree as directs a sale of John W. Kennedy's land, before his portion has been separately allotted to him, is consented to," signed by counsel for plaintiff, and by counsel for defendant, Kennedy. On the 24th day of October, 1878, the following order was entered: "This case coming on to be heard this 24th day of October, 1878, on the papers formerly read and filed, and on the petition of defendant, Jno. W. Kennedy, for leave to file a bill of review, was argued by counsel. And on consideration whereof the court doth refuse to permit said bill of review to be filed, and the special commissioners A. E. Kennedy and D. B. Lucas heretofore appointed are directed to proceed to execute the order of sale heretofore entered."

The said petition for a rehearing, or bill of review, whichever it may be called, represents, that at the February rules, 1870, a bill was exhibited against petitioner by John T. Henkle, asking a decree against him for the sum of three hundred and twenty-five dollars, which he alleged was due to him by petitioner, as trustee of Geo. W. Sappington, and which petitioner received by virtue of a sale made by him on the 16th day of August, 1858, of certain property belonging to said Sappington. This bill petitioner answered on November 23, 1870, asking that certain other parties be made defendants thereto.

On the 13th of December, 1871, an amended bill was filed, the chief object of which was to make Andrew Hunter as special commissioner a party defendant. At March rules, 1872, an amendment to this bill was filed correcting certain

misstatements in the former bills. At the same rules An-
drew Hunter answered said bills, and afterwards, as petitioner
is informed, a decree was had against him. Nothing further
was done in the cause up to the time petitioner left Jeffer-
son county in 1873. In August, 1876, another bill was
exhibited by said Hunter as special receiver of the circuit
court of Jefferson county against petitioner and others of the
heirs of Andrew Kennedy, probably predicated on the decree
in the other cause, which petitioner has not seen, but which
was filed to subject the interest of petitioner, in the "Cave
farm" to the payment of the debt mentioned. At the April
term, 1877, a decree was rendered in this cause appointing
commissioners to sell petitioner's share of said farm. Peti-
tioner further represents that he is aggrieved by said decree
because he is advised it is erroneous upon its face, and for
other reasons about to be stated.

Petitioner further represents, that at the time he filed his
answer to the bill of John T. Henkle, he was utterly at a loss
to account for the non-payment by him to said Henkle or
Hunter, special commissioner, of the money so claimed to be
due, and after many careful searches among his papers and
receipts could only find a receipt for the cash payment of
sixty-three dollars, and Richard B. Washington's receipt for
his share of the purchase-money; petitioner then thought he
might have paid the three deferred payments to Hunter,
special commissioner. He enquired of Mr. Hunter, if he
had done so, and asked him to inspect his books for that
purpose, and was informed by him, that they had been
destroyed at the burning of his house during the war, and
that he had no recollection whatever of his having received
any of the money except the cash payment. In this state of
the case petitioner could make no further answer to the
Henkle bill, and none to the bill of Hunter, special receiver,
but was obliged to let the decree be pronounced against him
without answer. A few days before petitioner's land was
to be sold, as advertised, under the decree, intending to go
to Jefferson county and be present at the sale, he made
another search among the great mass of papers and receipts,
which had accumulated since he came to the bar in 1847.
He found two papers, which at once recalled matters, which

he had long since forgotten, and which, if he had known or rather remembered, when he filed his answer in 1872, would have prevented any such decree against him, and which, if he could plead now, would satisfy the court, that either decree was improper and ought to be reheard.   One of these papers is a receipt of Wells J. Hawks for money paid by this petitioner to him at Henkle's request on the 10th day of January, 1859, and the other a brief of argument made by petitioner on behalf of said Henkle in the chancery case of *Hagerstown Bank* v. *Samuel Strider, &c.*   The papers in the case of *Henkle* v. *Kennedy* show, that petitioner sold the Sappington property in August, 1858; that the cash payment was then received and that the deferred payments were to be made in six, twelve and eighteen months thereafter.   About the last of December, 1858, or the first part of January, 1859, John T. Henkle, who was the administrator of Jacob Swagler, and whose daughter said Henkle married, came to Charlestown and stated to petitioner, that he was interested in Swagler's estate; that he had judgment-liens of Swagler's upon certain slaves in possession of Samuel Strider; that Meredith Helm as trustee had a deed of trust also upon said slaves in favor of Isaac Strider, and that Samuel Strider had taken said slaves out of the State for the purpose of disposing of them, and then employed petitioner to go with Wells J. Hawks and himself to Baltimore or Washington in search of said Strider and the slaves, and force him to return with them to Jefferson county.   Petitioner did go and as the result of the joint action of Henkle, Hawks and himself the slaves were traced to the possession of one McDowell in Baltimore, who had purchased them of said Strider, and was about to ship them South.   McDowell was informed that he had no title to the slaves, and that he must not ship them. Subsequently by way of compromise Strider returned to Jefferson county, and deposited nine thousand five hundred and six dollars of the money with Edward E. Cooke and Andrew Hunter as commissioners, subject to the decision in the case of the *Hagerstown Bank* v. *Strider*.   After the close of the war Henkle again employed petitioner in the said chancery cause, and he labored for him assiduously to get the Swagler lien satisfied out of the said nine thousand five hundred dollars.

Petitioner has never received any compensation whatever for the money advanced to Hawks from Henkle, nor for the trip to Baltimore, nor for his services in the Hagerstown bank case.    Petitioner states, that from 1859 to a short time before the filing of Henkle's bill against him in 1870 Henkle made no demand on him for the money sued for.    When the demand was made, the aforesaid matter had entirely escaped the memory of petitioner, and he stated to Henkel, that he had no doubt, that he would be able to produce Andrew Hunter's receipts for the money.    Even after the filing of the answer by the petitioner, and up to the date of finding of said papers he had no other belief.    The great lapse of time and the events of the war had entirely obliterated these matters from the memory of petitioner.

Petitioner avers, that it is not from carelessness that these matters have not been pleaded, nor from negligence in endeavoring to ascertain some satisfactory solution of his failure to account for this trust-fund, nor from any desire to shun responsibility therefor.    Petitioner prays, that said cause may be re-heard, and that he may be allowed to plead the said services as matters of proper defense to said bill; and for general relief."

While the petitioner did not make the chancery papers, orders and decrees in the chancery cause of *Henkle* v. *Kennedy* nor any part of said papers exhibits with his petition, and though it does not appear, that any part of the record of said cause accompanied his petition, when presented, yet he has copied a great part of that record into the record of this cause.    It is clearly no part of the record, and cannot be considered in the decision of this cause.

This petition must be regarded, as an application for re-hearing this cause on the specific grounds therein set forth and not a notice on which to base a motion to correct errors as provided for in chap. 134 of the Code.

There are several reasons which justified the court in refusing to permit the petition to be filed.

If it was intended to show, that the decree entered in this cause on the 24th of April, 1877, was based on the decree entered in the cause of *Henkle* v. *Kennedy*, and that this suit was an outgrowth of that and so clearly connected therewith,

that they could now be re-heard together, it fails in its purpose, because neither the bill, exhibits nor any decree in that cause is made a part of the petition nor exhibited therewith and no decree in that cause is described in the petition, so that this Court could see the character of the decree, whether final or interlocutory, or the particulars thereof. Again, even if that had been done, and this Court was satisfied, that if a proper case was made by the petition, it ought to have been filed, yet upon an inspection of the petition it appears, that the defence now set up to the decree in this cause was not payments on the claim of said Henkle against said petitioner but only offsets to said claim, which petitioner was not bound to file in said suit to obtain the benefit thereof, but might have sued the said Henkle according to his own showing and collected the amount thereof in a suit at law; besides it clearly appears, from said petition that at the time he filed the same, said claims being offsets were barred by the statute of limitations. *Hurst's adm'r* v. *Hite, supra.*

The court therefore did not err, in refusing to allow the petition to be filed.

The petition being out of the way, the decree as to all matters not consented to is a decree on bill taken for confessed, and there was no appearance except to make the qualified consent to the decree, that we have shown in the statement. As to all other matters not consented to the appellant may upon notice and motion, pursue his remedy in the court below as to the decrees entered in this cause, if not barred by the statute. So much of said decree of April 24, 1877, as is consented to, is of course not appealable.

For the foregoing reasons the decree entered in this cause on the 24th day of October, 1878, refusing to permit the filing of said petition, &c., is affirmed with costs and thirty dollars damages; and the appeal from and *supersedas* to the decrees entered at the November term, 1876, and on the 24th day of April, 1877, are dismissed as being improvidently awarded; and this cause is remanded to the circuit court of Jefferson county for further proceedings therein to be had.

JUDGES HAYMOND AND GREEN CONCURRED.

ONE DECREE AFFIRMED.  APPEAL AS TO THE OTHER DISMISSED.  CAUSE REMANDED.