HERBERT C. HELLER & Co. *v.* P. O. DUNCAN *et als.*

(No. 6932)

Submitted May 19, 1931.   Decided June 9, 1931.

*Philip P. Gibson,* for appellant.
*R. P. Asbury,* for appellees.
*Carl C. Douthit,* amicus curiae.

LITZ, PRESIDENT:

This suit, brought to enforce sewer assessment liens against abutting property in the city of Huntington, involves the question of priority between such liens and paving assessment liens, under the municipal charter.   The plaintiff, Herbert C. Heller & Company, Inc., is the owner of four sewer certifi-

cates, aggregating, with interest, $252.96, secured by liens against four several lots of land in said city, created and perfected in 1927. Defendant, W. E. Karr, is the holder of four paving certificates, aggregating, with interest, $1152.44, secured by liens created and perfected against the same property in 1925. Karr came into the suit by petition after a report of the commissioner in chancery finding that the sewer liens were prior to all other liens against the property had been confirmed and sale of the property directed. After being so admitted as a party defendant, the cause was recommitted to the commissioner who later reported that the paving liens were prior in dignity to the sewer liens asserted by plaintiff. Plaintiff prosecutes an appeal from a decree confirming this report on the grounds (1) that the cause was improperly recommitted upon the filing of the petition of defendant, Karr; (2) that sewer liens are superior to paving liens under the city charter; and (3) that successive liens of assessments for local improvements are accorded priority in the inverse order of time, so that "the last shall be first and the first last."

The decree complained of, recommitting the cause, was entered after it had been endorsed by counsel representing all of the parties: "The foregoing order is hereby consented to." An erroneous decree, consented to, is not appealable. *Hounshell* v. *Hounshell*, 116 Va. 675, 82 S. E. 689.

Section 67 of the charter, dealing with the paving lien, provides that it "shall be a continuing *tax lien* upon the lot or ground against which the assessment is made until the certificates * * * are paid, except as otherwise provided in this act." Section 68, creating the sewer lien, states that "all assessments made under this section shall constitute and be a lien upon the lots or lands, respectively, which shall have priority over all other liens except for state, county and municipal taxes." Under section 61, "all taxes assessed upon the real estate within the said city, shall remain a lien thereon from the time the same are so assessed, which shall have priority over all other liens, except for taxes due the state, county or district." This provision plainly comprehends special assessments for local improvements, as well as general taxes. So the provision in section 67, relating to the paving

assessment lien, that it "shall be a continuing tax lien upon the lot or ground against which the assessment is made until the certificates * * * are paid," read with section 61, gives such lien priority over all other liens "except taxes due the state, county or district." That part of section 68, granting priority to the sewer lien "over all other liens, except for state, county and municipal taxes," places this lien on an equality with the paving lien, as local assessments for municipal improvements are, as already observed, clearly within the term, "municipal taxes."

Having concluded that the charter places paving and sewer liens on an equality, the final question for determination is whether, in the absence of statutory regulation, these liens take precedence in the order of their dates or inversely. There seems to be substantial conflict in the decisions upon this issue. *Woodill & Hulse Electric Co.* v. *Empire Securities Co.*, (Cal.) 182 Pac. 422, 5 A. L. R. 1296, 1301 (annotated); McQuillin, Municipal Corporations, (2nd Ed.), sec. 2262; 30 L. R. A. (N. S.) 767. We are of opinion, however, that reason and justice dictate the view that such liens take precedence in the order of their dates. This is the general rule applying to liens. As stated by Chief Justice Marshall in *Rankin & Schatzell* v. *Scott*, 12 Wheat. 177, the principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds. There is an exception in the case of general taxes, based upon the necessity of securing funds to support the government, both as between general taxes and local assessments (McQuillin, Municipal Corporations, section 2563; 65 A. L. R. 1379) and as between successive assessments of general taxes. McQuillin, Municipal Corporations, section 2563; *Chadwick* v. *Cambridge*, 230 Mass. 580, 119 N. E. 958. No such reason for the exception appears in the case of special assessments for local improvements.

The rulings of the circuit court, complained of, are therefore affirmed.

*Affirmed.*