# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

November 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: A.L, C.K., E.K., I.K., & K.K.**

**No. 14-0675** (Hampshire County 13-JA-16, 13-JA-17, 13-JA-23 through 25)

## MEMORANDUM DECISION

Petitioner Father, by counsel Karen L. Garrett, appeals the May 30, 2014, order of the Circuit Court of Hampshire County that terminated his parental rights to six-year-old A.L, ten-year-old C.K., four-year-old E.K., three-year-old I.K., and ten-month-old K.K. The children's guardian ad litem, Joyce E. Stewart, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its counsel Lee A. Niezgoda, also filed a response in support of the circuit court's order. Petitioner thereafter filed a reply to each respondent. On appeal, petitioner argues that the circuit court erred in (1) accepting petitioner's stipulations at the adjudicatory hearing and basing his adjudication on these stipulations; (2) making certain findings regarding the DHHR's efforts to achieve reunification, (3) adhering to rules concerning notifying petitioner of the right to appeal, (4) making erroneous findings of fact, (5) denying certain motions concerning improvement periods, (6) terminating petitioner's parental rights, and (7) denying petitioner's motion for post-termination visitation and denying sibling visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an amended abuse and neglect petition against petitioner and his wife alleging that petitioner's wife physically abused her stepdaughter, petitioner's daughter A.L.; that petitioner failed to protect A.L. and his other children despite the substantiated allegations of A.L.'s abuse; and that petitioner and his wife failed to provide adequate housing for the children due to the home's deplorable condition. In particular, the home had black mold, exposed insulation, areas of water damage that included water dripping from the ceiling, a damaged roof from a fallen tree, exposed wiring, and a collapsed floor in the bathroom. At the adjudicatory hearing in September of 2013, petitioner's wife stipulated to inflicting bodily injury upon A.L. that left bruises on her arm, spine, abdomen, shin, and knee, and petitioner stipulated to the failure to protect A.L. Petitioner and his wife also stipulated to providing inadequate and dangerous housing for the children. The circuit court adjudicated the children as abused and neglected and granted both parents a six-month post-adjudicatory improvement period with directions to participate in parenting classes, obtain employment, obtain and maintain stable and appropriate housing, participate in domestic violence classes, learn and

1

utilize positive coping skills to reduce conflict in relationships, and learn and practice adequate skills for taking care of themselves and their children.

After considering testimony from petitioner and his caseworkers at the dispositional hearing in May of 2014, the circuit court found that petitioner failed to improve during his improvement period. The circuit court also found that he had not financially supported his children, secured safe and stable housing, or completed counseling as directed. Based on these findings, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that reunification would be contrary to the children's best interests. On May 30, 2014, the circuit court entered its order terminating his parental rights.[1] Petitioner now appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review of the record, we find no error by the circuit court in adjudicating petitioner as an abusing parent based on his stipulations to allegations contained in the amended petition. Rule 26(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect requires that any stipulated or uncontested adjudication includes (1) the agreed upon facts supporting court involvement concerning the subject parent's problems, conduct, or condition, and (2) a statement of the subject parent's problems or deficiencies to be addressed at the final disposition. Before the circuit court can accept a stipulated or uncontested adjudication, Rule 26(b) requires the circuit court to first determine that the subject parent understands the content and consequences of his or her stipulations and is making the stipulations voluntarily. "'An order to which no objection was made and which was actually approved by counsel, will not be reviewed on appeal.' Syl. pt. 1, *Loar v. Massey*, W.Va., 261 S.E.2d 83 (1979)." Syl. Pt. 3, *In re: S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Petitioner argues that the allegations contained in the amended petition no longer existed when that petition was filed. Petitioner asserts that because he and his wife moved out of the

---

[1] The circuit court also terminated the parental rights of the children's mothers.

home with deplorable conditions about a week before the amended petition was filed, the circuit court erroneously accepted this stipulation. Our review of the adjudicatory hearing transcript reveals that the parties, including petitioner and his attorney, took a twenty-minute recess to consider the allegations of abuse and neglect. The record further shows that following this recess, petitioner stipulated to the deplorable conditions of the home and the failure to protect A.L. The record also shows that a family case plan was developed during the proceedings and at no time between the adjudicatory hearing and the appeal did petitioner object to his entered stipulations, the circuit court's adjudicatory order, or the terms of his improvement period. Even if petitioner and his family were no longer living in the specific home described in the amended petition, petitioner had not acquired a safe and stable home for the children following the move or at any point during the proceedings. Moreover, at the dispositional hearing, petitioner reiterated that he stipulated to the deplorable conditions of the home and that he recognized that the DHHR substantiated his failure to protect A.L. from his wife.

The circuit court also did not err in its findings concerning the DHHR and its efforts with petitioner and his family. In particular, petitioner argues that (1) the circuit court erroneously found that no reasonable efforts were required of the DHHR due to the imminent danger present at the beginning of the case, (2) the DHHR did not make efforts to remedy the circumstances alleged in the amended petition, and (3) the DHHR failed to make reasonable efforts to reunite the children with their parents. Petitioner asserts that the DHHR did not adhere to all deadlines for multidisciplinary team ("MDT") reports and did not diligently provide services to petitioner. We have held as follows:

> "Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order." Syl. Pt. 5, *In re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 6, *In re Elizabeth A.*, 217 W.Va. 197, 617 S.E.2d 547 (2005). Our review of the record shows that the circuit court's finding concerning imminent danger did not bar the DHHR from providing services to petitioner, as exhibited by petitioner's treatment and family case plans. The record reveals that petitioner was aware of the terms expected of him, yet inconsistently complied with services. Accordingly, under the circumstances, the Rules of Procedure for Child Abuse and Neglect Proceedings were not substantially disregarded or frustrated.

The record also shows no reversible error in the circuit court's inquiry of petitioner and his wife with regard to their right to appeal. Petitioner contends that the circuit court failed to address their right to appeal after it adjudicated petitioner and his wife of abuse and neglect. West Virginia Code § 49-6-2(e) provides that the circuit court "shall [] inquir[e] of the parents or custodians whether or not appeal is desired and the response transcribed. A negative response shall not be construed as a waiver." The record shows that the circuit court addressed the parents' right to appeal following the dispositional hearing, to which petitioner's counsel offered no response. Our review also reveals that petitioner's right to appeal was not interfered with as

demonstrated by petitioner's timely filings to appeal the circuit court's termination of his parental rights.

The circuit court did not commit reversible error in finding that petitioner would potentially be living in a home with fourteen other people. Petitioner contends that the circuit court miscounted the number of people who would be living in his grandparents' home and that accordingly, the circuit court erroneously found that petitioner's plan to take his children to this home was not feasible. Our review of the record shows that petitioner's grandmother testified that she would allow petitioner, his wife, and the five children to reside in the home with her, petitioner's grandfather, and three other children who already lived in the three-bedroom home. Regardless of the actual number of people who would be living in petitioner's grandparents' home, the record shows, more importantly, that petitioner did not acquire and maintain stable housing during the proceedings below. Moreover, petitioner testified at the dispositional hearing that he would not be able to take all five of his children with him at that time, that he was behind on child support, and that he was currently unemployed. For these reasons, it is clear that the circuit court correctly found petitioner had not obtained suitable housing.

The Court also finds no error in the circuit court's denial of petitioner's motions for (1) an extension to his improvement period, (2) a dispositional improvement period, and (3) reconsideration of the order denying petitioner a dispositional improvement period. West Virginia Code § 49-6-12(g) directs as follows:

> A court may extend any improvement period granted . . . for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that such extension is otherwise consistent with the best interest of the child.

West Virginia Code § 49-6-12(c) directs that, if a subject parent has previously received an improvement period, the circuit court has the discretion at the dispositional hearing to grant petitioner another improvement period if the parent is able to show that he or she has experienced a substantial change in circumstances and that, due to the change in circumstances, is likely to fully participate in the improvement period. The record establishes that petitioner failed to meet either burden for his motion to extend his original improvement period or his motion for a dispositional improvement period. At the dispositional hearing, petitioner's Home Base worker testified that she attended every MDT meeting and that petitioner and his wife had made some progress throughout the case but also had some regression. The evidence showed that petitioner had yet to obtain stable and safe independent housing for his family and did not consistently participate in services that had been provided to him for nearly a year, such as individualized parenting, adult life skills, psychological services, and family therapy. A copy of one of the more recent MDT meetings reveals that petitioner and his wife continued to misunderstand the "core concepts" from their parenting classes, minimize the gravity of their situation, and resist the need for Child Protective Services ("CPS") involvement. Because the circuit court properly denied petitioner's motion for a dispositional improvement period and no new evidence was presented at the hearing on petitioner's motion for reconsideration, the Court

finds no error in the circuit court's denial of petitioner's motion to reconsider its decision denying his motion for a dispositional improvement period.

Upon our review of the record and the circumstances of this case, we find no error by the circuit court in terminating petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). "[T]he best interests of the child[ren] is the polar star by which decisions must be made which affect children." *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (citing *State ex rel. Cash v. Lively*, 155 W.Va. 801, 187 S.E.2d 601, 604 (1972). We have also held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Under West Virginia Code § 49-6-5(b)(3), a subject parent's failure to follow through with rehabilitative efforts to reduce or prevent the abuse and neglect of the children constitutes circumstances in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. The evidence supports the circuit court's findings of fact and conclusions of law that petitioner made little improvement since the matter was initiated, that he demonstrated an inadequate capacity to resolve the problems of abuse or neglect, and, accordingly, there was no reasonable likelihood that the conditions of abuse and/or neglect could be substantially corrected in the near future and termination was in the children's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon such findings.

We also find no error in the circuit court's decisions concerning post-termination visitation or sibling visitation. We have held as follows:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 2, *In re Billy Joe M.*, 206 W.Va. 1, 521 S.E.2d 173 (1999). With regard to sibling visitation, we bear in mind the following:

> In cases where there is a termination of parental rights, the circuit court should consider whether continued association with siblings in other placements is in the child's best interests, and if such continued association is in such child's best interests, the court should enter an appropriate order to preserve the rights of siblings to continued contact.

Syl. Pt. 4, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991). Our review of the record shows that the circuit court considered the circumstances of the case and the children's best interests in making its determinations concerning visitation. For instance, the circuit court considered the children's bond with their pre-adoptive families; their favorable circumstances in these homes; and their young ages, with the youngest less than six months old at the time of the hearing. The circuit court also considered the guardian ad litem's assertion that the parents were not consistent with visitation, i.e., there were delays and, at times, difficulty with assessing at each visitation whether another would occur.[2] As such, the circuit court did not err in denying visitation with petitioner or among siblings because it was not in the children's best interests.

For the foregoing reasons, we affirm the circuit court's May 30, 2014, order terminating petitioner's parental rights to A.L, C.K., E.K., I.K., and K.K.

Affirmed.

**ISSUED:** November 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] We note that the May 30, 2014, transcript indicates that the circuit court permitted the parents' visitation schedule to continue pending appeal.