# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

IN RE: R.T., a minor,

No. 23-ICA-115 (Fam. Ct. Wood Cnty. No. FC-54-2018-FIG-39)

**FILED**

**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ethel G.[1] appeals the Family Court of Wood County's February 21, 2023, Amended Order Revoking Appointment of Minor Guardian. Respondent Victoria T. filed a response in support of the family court's ruling.[2] Ethel G. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Victoria T. is the mother of minor child, R.T., Rickie T. is R.T.'s father and Ethel G. is the paternal grandmother of R.T. On June 11, 2018, the family court entered a temporary order that gave Ethel G. custody of R.T. from Monday at 3:00 p.m. to Thursday at 6:00 p.m. Victoria T. and Rickie T., who were married at the time, had custody of R.T. from Thursday at 6:00 p.m. to Monday at 3:00 p.m. On June 13, 2018, the family court entered an order appointing a guardian ad litem ("GAL"). In that order, the family court notes that Victoria T. admitted that R.T. lived with Ethel G. for "a large part of the time" and that Ethel G. asserted that she had been the primary caretaker for R.T. since birth.

On August 10, 2018, the family court held a hearing on the report of the GAL. Following the hearing, the family court entered an order on September 28, 2018, that made Ethel G. the guardian of R.T. and ordered visitation with Rickie T. and Victoria T. from Friday after school or 5:00 p.m., until the following Monday morning at the start of school, or if there was no school, until 5:00 p.m. Victoria T. and Rickie T. were divorced in 2019. The divorce action did not alter the guardianship.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See*, *e.g*., W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner is represented by Matthew A. Jividen, Esq. Respondent is represented by William B. Summers, Esq.

On May 9, 2022, Victoria T. filed her pro se Petition for Revocation, Termination, or Modification of Appointment of Guardian. The petition sought to terminate the guardianship on the basis that R.T. had expressed to Victoria T. that she no longer wanted to live with Ethel G. and that Ethel G. was irrational, unreasonable, short tempered with R.T., varied from the set schedule, and did not keep Victoria T. informed about school functions or grades. On June 9, 2022, Victoria T., through counsel, filed her Amended Petition to Terminate Guardianship and Motion for Child Interview. The amended petition noted that when R.T. was born, Victoria T. was seventeen years old. Victoria T. was now twenty-nine years old and R.T. was twelve. Since the time the guardianship was granted to Ethel G., Victoria T. obtained her own apartment in the same school district as R.T.'s current school and had obtained full-time employment. The amended petition went on to describe how Victoria T. was not permitted to participate in R.T.'s school or school activities, how Ethel G. would not allow R.T. to participate in extracurricular activities, how Ethel G. would interfere with Victoria T.'s visitation schedule with R.T., and how Ethel G. would give disproportionate time with R.T. to Rickie T. The amended petition noted that if Victoria T. regained custody of R.T., she would allow Rickie T. to continue his visitation schedule and was willing to allow Ethel G. visitation.

A hearing on Victoria T.'s petition was held on September 5, 2022.[3] At the hearing, Ethel G. made unsubstantiated allegations regarding potential sexual activity between R.T. and a minor male friend while R.T. was in the custody of Victoria T. When pressed by the family court for evidence to support such a serious allegation, Ethel G. produced text messages that showed a discussion of the two children possibly having a sleepover. Ethel G. stated that while the texts do not specifically indicate sexual activity, "[w]hen [R.T.] came back from her mother's that weekend, she's changed. She's changed big time." Ethel G. went on to explain that based on her own experience as a child, and because R.T. gave Ethel G. an attitude upon R.T.'s return from Victoria T.'s home, R.T. must have engaged in sexual activity. Rickie T. testified that since the death of his father, Ethel G. has "gone downhill." The family court noted on the record that it was concerned that Ethel G. totally fabricated the sexual allegation and that R.T. should not be living with someone who would make such an unfounded allegation. From the bench, the family court orally revoked the guardianship and stated that Ethel G. would have visitation with R.T. at the discretion of Victoria T. and Rickie T. Additionally, it was discovered during the hearing that the amended petition was not served on Rickie T. and Ethel G. Victoria T.'s counsel served Ethel G. and Rickie T. on the record. There was no objection.

Immediately following the September 6, 2022, hearing, the family court entered its Order Revoking Appointment of Minor Guardian which revoked Ethel G.'s guardianship of R.T. Ethel G. appealed the Order Revoking Appointment of Minor Guardian to this Court in Case Number 22-ICA-157. By memorandum decision issued February 2, 2023,

---

[3] Victoria T. appeared for the hearing in person and by counsel. Ethel G. appeared in person and by counsel. Rickie T. appeared pro se.

this Court remanded the matter to family court with directions to issue an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review. Following remand, on February 21, 2023, the family court issued its Amended Order Revoking Appointment of Minor Guardian. The amended order found that the guardianship stemmed from Victoria T. and Rickie T. having R.T. when they were both minors and when neither had a stable living environment or income. However, since that time, both parents have obtained and maintained stable employment and housing. The amended order went on to note Ethel G.'s troubling and unfounded accusations against Victoria T. that seemed to be motivated by Ethel G.'s desire to keep the guardianship in place solely for Ethel G.'s benefit. The amended order also noted that Rickie T. "was glad the mother moved to revoke the guardianship." The amended order concluded that based upon the foregoing, Victoria T. had shown by a preponderance of the evidence that there had been a substantial change in circumstances and the revocation of the guardianship was in R.T.'s best interest. It is from this order that Ethel G. appeals.

For these matters, we use the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __,887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Ethel G. first argues that she was deprived of due process because: (1) the hearing on Victoria T.'s petition was not set as a final hearing; (2) the hearing was not conducted in an orderly manner and there was no opportunity to cross-examine witnesses; and (3) Ethel G. was not served with the petition prior to the hearing. However, Ethel G. did not object to the hearing taking place, did not seek a continuance, did not object to the manner in which the hearing was conducted, and did not object to being served on the record. "[O]bjections . . . must be made in the lower court to preserve such issues for appeal." *Loar v. Massey,* 164 W.Va. 155, 159, 261 S.E.2d 83, 86 (1979). Accordingly, we find no merit in Ethel G.'s first assignment of error.

Ethel G. next argues that the family court erred by failing to hear R.T.'s preference for her guardian and failing to appoint a GAL. As an initial matter, the Court notes that it was Victoria T., not Ethel G., who requested the family court interview R.T. Nevertheless, Ethel G. cites West Virginia Code § 44-10-4(b) (2020) for the proposition that the family court should have interviewed R.T. prior to making its decision. West Virginia Code § 44-10-4(b) states that if a child is younger than fourteen years of age, and the court determines

3

that it is in the child's best interest, the court "may consider" the child's firm and reasonable preference for their guardian if the court determines in its discretion that the child is sufficiently matured that they can intelligently express a preference. However, before West Virginia Code § 44-10-4 is implicated, the court must first determine that a guardianship is warranted. *See* Syl. Pt. 5, in part, *In re Antonio R.A.,* 228 W. Va. 380, 382, 719 S.E.2d 850, 852 (2011) ("West Virginia Code § 44–10–4 . . . applies only after a court has determined, pursuant to West Virginia Code § 44–10–3, that a particular circumstance warrants the appointment of a guardian").

Here, the question before the family court was not who should be R.T.'s guardian, but rather whether the guardianship was still necessary. Pursuant to West Virginia Code § 44-10-3(j) (2013), when a petition to terminate a minor guardianship is filed by the minor's parent, the burden of proof is on the parent to show by a preponderance of the evidence that there has been a material change of circumstances and that a revocation or termination is in the minor's best interest. The family court concluded that Victoria T. established by a preponderance of the evidence that a material change in circumstances had occurred (i.e., both Rickie T. and Victoria T. were minors and did not have stable housing or income when the guardianship was granted but since that time, both had obtained stable housing and employment) and that termination of the guardianship was in the best interest of R.T. Given the evidence before the family court, we cannot say that the family court abused its discretion in so concluding. Therefore, since the family court determined that the guardianship was no longer necessary, West Virginia Code § 44-10-4 is not applicable.

In regard to the appointment of a GAL, Rule 12 of the West Virginia Rules of Minor Guardianship Proceedings states that a GAL should only be appointed in "cases where the court is unable to obtain reliable and credible information necessary for decision from the minor, parties, and other interested persons." Ethel G. does not argue that the family court was unable to obtain reliable and credible information from the parties. Accordingly, we find no merit in this assignment of error.

Lastly, Ethel G. asserts that the family court erred by revoking the guardianship without ordering a transition period or setting visitation with Ethel G. However, the only matter pending before the family court was the petition to terminate the guardianship. There was no formal motion or request for visitation or a transition period at the hearing. The failure to present this issue to the family court below waives the issue on appeal. *See State v. J.S.*, 233 W. Va. 198, 207, 757 S.E.2d 622, 631 (2014) (finding that "[t]he failure to timely raise the issue below has resulted in waiver of the matter in this appeal"). Accordingly, we find no merit in Ethel G.'s final assignment of error.

Wherefore, based on the foregoing, we affirm the family court's February 21, 2023, order.

4

Affirmed.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen